IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| GERALD L. FRUIT, BONNIE J. FRUIT, TIMOTHY FRUIT, and JILL (FRUIT) MARIN,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL P. CHAPMAN, M.D., and MEDICAL ASSOCIATES CLINIC, P.C.,<br><br>Defendants. | No. C14-1031<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on the Motion to Amend Complaint (docket number 25) filed by the Plaintiffs on April 1, 2016, and the Resistance (docket number 26) filed by the Defendants on April 18. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On December 22, 2014, Plaintiffs Gerald L. Fruit, Bonnie J. Fruit, Timothy Fruit, and Jill (Fruit) Marin filed a complaint seeking damages from Defendants Michael P. Chapman M.D., Medical Associates/Mercy Family Care Network, LLC, and Mercy Health Services-Iowa, Corp. Plaintiffs claimed Dr. Chapman was negligent in performing spinal surgery on Gerald Fruit, resulting in serious and irreparable injuries. Bonnie Fruit, Timothy Fruit, and Jill (Fruit) Marin claim damages for loss of consortium.

On January 6, 2015, the complaint was amended to identify the corporate defendants as Medical Associates Clinic, P.C., and Mercy Health Services-Iowa, Corp. Dr. Chapman and Medical Associates filed an answer to the amended complaint on

January 27, 2015, denying the material allegations. Mercy Health Services filed an answer on January 29, 2015, but it was subsequently dismissed from the lawsuit by stipulation of the parties on October 13, 2015.

On March 10, 2015, the Court filed a Scheduling Order and Discovery Plan. Among other things, the Court established a May 15, 2015 deadline for amending the pleadings. Also at that time, the case was referred to me for the conduct of all further proceedings in accordance with 28 U.S.C. § 636(c) and the consent of the parties. After consulting with counsel, I entered an Order scheduling the trial for July 11, 2016.

On April 1, 2016, Plaintiffs filed the instant motion to amend their complaint.[1] Defendants filed a resistance on April 18.

## II. DISCUSSION

### A. Applicable Law

Except when amending its pleadings "as a matter of course," as defined in FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1), a party may amend its pleading "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Plaintiffs are not entitled to amend their complaint "as a matter of course" and Defendants do not consent to Plaintiffs' proposed amendment. Accordingly, Plaintiffs seek leave of the Court to amend their complaint.

Rule 15(a)(2) directs the Court to "freely give leave [to amend] when justice so requires." The United States Supreme Court has made it clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party does not, however, have an absolute or automatic right to amend. *United States v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005). Balanced against the liberal amendment policy of Rule 15(a) is the Court's interest in enforcing its scheduling orders. Scheduling orders

---

[1] Plaintiffs filed a similar motion on March 31, 2016, but it was denied without prejudice for failing to comply with Local Rule 7.*l*.

2

may be modified only for "good cause." FED. R. CIV. P. 16(b)(4). *See also* Local Rule 16.f ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause."). Here, the Scheduling Order established a May 15, 2015 deadline for motions to amend pleadings.

"The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). That is, notwithstanding the liberal amendment provisions found in the FEDERAL RULES OF CIVIL PROCEDURE, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008).

> Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).

*Sherman*, 532 F.3d at 716 (citing *Popoalii*). *See also In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir. 1999) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). Accordingly, the Court must determine whether Plaintiffs have shown good cause to modify the Scheduling Order.

### B. Analysis

Plaintiffs' motion to amend complaint does not advise the Court regarding the differences between their amended complaint and the proposed second amended complaint (attached to the motion). Accordingly, the Court is required to examine the amended complaint and the proposed second amended complaint line-by-line in order to determine

3

the distinction. It appears there are two substantive changes to Plaintiffs' complaint.[2] First, the proposed second amended complaint adds an additional specification of negligence in paragraph 19. In addition to the four items previously identified, Plaintiffs assert in the proposed second amended complaint that Dr. Chapman was negligent "[b]y failing to provide Plaintiff with sufficient and comprehensive informed consent." Second, Plaintiffs seek to "invoke the doctrine of res ipsta [sic] loquitar [sic]," by adding an additional sentence to paragraph 22 and adding an additional paragraph numbered 23.

### 1. Good Cause

Plaintiffs' motion to amend cites FEDERAL RULE OF CIVIL PROCEDURE 15 and argues that "amendments of pleadings should be liberally granted."[3] The motion does not mention the pleadings deadline established in the Scheduling Order and does not reference the good cause requirement of RULE 16(b)(4). In support of their motion, Plaintiffs simply assert that "[s]ince the time of the drafting of the complaint, additional discovery has revealed that either new information and/or a distinction of certain facts that are pertinent to the applicability of the res ipsta [sic] loquitur and lack of informed consent." Plaintiffs make no effort to identify the additional discovery, the nature of the new information, or when the information was received.

Plaintiffs must show good cause for modifying the Scheduling Order and permitting an amendment to the pleadings more than 10 months after the pleadings deadline expired, and just 3 months prior to trial. "The primary measure of good cause is the movant's

---

[2] In their resistance, Defendants note the proposed second amended complaint purports to add Mercy Health Services-Iowa, Corp. back into the lawsuit, but Defendants speculate the inclusion of Mercy Health Services was "inadvertent." Plaintiffs did not file a reply, and the Court assumes Defendants' speculation in this regard is correct.

[3] Notwithstanding Local Rule 7.d, Plaintiffs did not file a brief in support of their motion, and cite no other authority.

diligence in attempting to meet the scheduling order's requirements." *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014) (quoting *Sherman*, 532 F.3d at 716-17). The Eighth Circuit's cases reviewing RULE 16(b) rulings "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id.* Here, Plaintiffs' only effort to establish good cause is a generic reference in their motion to "additional discovery" and "new information."

In their resistance, Defendants note that Dr. Chapman's deposition was taken on September 28, 2015. Plaintiffs' expert, Bradley K. Weiner, M.D., provided his report to Plaintiffs' counsel not later than November 16, 2015. The deposition of Dr. Weiner was taken on January 27, 2016. Defendants argue that Plaintiffs' new causes of action should have been known to Plaintiffs not later than November 2015, at the latest, when Dr. Weiner expressed his expert opinions following Dr. Chapman's deposition.

In their initial complaint filed in December 2014, Plaintiffs assert Gerald Fruit was "inexplicably" unable to move his legs following surgery. Nonetheless, Plaintiffs waited more than 15 months before seeking to amend their complaint to include a claim of *res ipsa loquitur*. At the least, Plaintiffs should have been aware of any possible claim of *res ipsa loquitur* after their expert expressed his opinions in November 2015, four and a half months prior to filing their motion for leave to amend. Similarly, Plaintiffs had more than one year to discover facts supporting a claim based on lack of informed consent. Plaintiffs failed to act diligently in this regard and, therefore, have failed to satisfy their burden of showing good cause for modifying the Scheduling Order. "A district court acts 'within its discretion' in denying a motion to amend which made no attempt to show good cause." *Harris*, 760 F.3d at 786.

2. *Other Factors*

Even *if* a party shows good cause for a late-filed amendment, a district court appropriately denies leave to amend if there are "compelling reasons," including "undue

5

prejudice to the non-moving party, or futility of the amendment." *Sherman*, 532 F.3d at 715. Because Plaintiffs have failed to show good cause to modify the Scheduling Order, it is not necessary for the Court to consider other factors, such as "prejudice" or "futility." Defendants argue, however, that these additional factors also weigh against allowing the proposed amendment.

Defendants argue that a claim of *res ipsa loquitur* in this case would be futile. The Iowa courts have been "very circumspect in their application of *res ipsa*," *Conner v. Menard, Inc.*, 705 N.W.2d 318, 320 (Iowa 2005), and "it traditionally has been applied sparingly, particularly in medical malpractice cases." *Tappe v. Iowa Meth. Med. Ctr.*, 477 N.W.2d 396, 399 (Iowa 1991). Defendants believe Plaintiffs' *res ipsa* claim would be "vulnerable" to a dispositive motion. Plaintiffs' expert witness, Dr. Bradley K. Weiner, has opined that an "iatrogenic injury" is "far and away the likely cause" of Gerald Fruit's injury. Generally, "the doctrine [of *res ipsa*] does not apply when there is direct evidence as to the precise cause of the injury and all of the facts and circumstances attending the occurrence." *Conner*, 705 N.W.2d at 320. Moreover, Dr. Weiner conceded in his deposition that the injury to Fruit could have occurred "with the physician acting completely reasonably."[4] Accordingly, while I reach no conclusion in this regard, it would appear Plaintiffs' claim of *res ipsa loquitur* may well be futile in any event.[5]

---

[4] On March 25, 2016, Dr. Weiner sent a letter to Plaintiffs' attorney, supplementing his opinions. According to the second supplemental designation of experts served by Plaintiffs' attorney on April 5, Dr. Weiner will continue to testify that "plaintiffs' paralysis was not due to bleeding but rather due to the defendant surgeon, Dr. Chapman, exercising inappropriate surgical technique and care." While Dr. Weiner does not disclaim his prior deposition testimony in his letter to Plaintiffs' attorney, he opines it would be "illogical and fundamentally unfair" to require a patient "to 'prove' what specifically Dr. Chapman did wrong and how he specifically injured the patient."

[5] Plaintiffs did not file a reply to Defendants' resistance and, therefore, their
(continued...)

Defendants also argue that they are prejudiced by Plaintiffs' proposed late filing of a claim based on lack of informed consent. An informed consent claim involves "substantially different elements" than a claim of negligence for actions which occurred during surgery. *See Nelson v. Mercy Health Services-Iowa*, 843 N.W.2d 478 (Iowa App. 2014) (table), 2014 WL 69666 at *9. I agree. Neither the motion to amend nor the proposed second amended complaint provide any clues regarding how informed consent was lacking.[6] Because the deadlines for identifying experts and completing discovery have now expired, Defendants would be prejudiced by a late addition of this new cause of action.

In summary, the Court concludes Plaintiffs have failed to show good cause to modify the Scheduling Order and permit the proposed late amendment to the complaint. Moreover, Plaintiffs' proposed claim based on *res ipsa loquitur* would appear to be futile, and Plaintiffs' new claim based on lack of informed consent would prejudice Defendants. Accordingly, the motion to amend will be denied.

### III. ORDER

IT IS THEREFORE ORDERED that the Motion to Amend Complaint (docket number 25) filed by the Plaintiffs is **DENIED**.

DATED this 18th day of May, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[5](...continued)
response to the futility argument is unknown.

[6] In their brief in opposition to Defendants' motion to strike expert testimony, Plaintiffs assert that Dr. Chapman failed to advise Gerald Fruit of a known risk of the surgery, specifically paralysis.